IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–02337–MDB

A.A.[1],

Plaintiff,

v.

FRANK BISIGNANO, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.

---

**ORDER**

---

Plaintiff A.A ("Plaintiff") brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision by Defendant (the "Commissioner"), denying his application for Social Security Disability Insurance and Supplemental Security Income benefits. (Doc. No. 1.) Plaintiff filed an Opening Brief (Doc. No. 13), the Commissioner responded (Doc. No. 15), and Plaintiff replied (Doc. No. 16). The Commissioner has also filed the Administrative Record. (["AR"], Doc. No. 12.) After carefully analyzing the briefs, the Administrative Record, and relevant law, the Court **AFFIRMS** the Commissioner's final decision.

**BACKGROUND**

---

[1] Pursuant to Local Rule, D.C.COLO.LAPR 5.2(b), Plaintiff A.A. is identified by initials only.

Plaintiff was born on June 17, 1963; he was 59 on March 22, 2022, the alleged disability onset date. (AR 68.) Plaintiff applied for disability insurance benefits and supplemental security income on July 8, 2022. (*Id.*) The Commissioner denied Plaintiff's claim on March 23, 2023 (AR 106–16), and on reconsideration on November 9, 2023. (AR 120–34.) Plaintiff then successfully requested a hearing before an administrative law judge ("ALJ"), which occurred on May 29, 2024. (AR 41–66.) Plaintiff was accompanied at the hearing by an attorney. (AR 44.) The ALJ heard testimony from Plaintiff and a vocational expert, Dina Gilli. (AR 50–66.) On August 7, 2024, the ALJ issued a written decision denying benefits (AR 18–33), and on June 5, 2025, the Appeals Council denied Plaintiff's request for review. (AR 5–7.) Plaintiff then filed the instant appeal. (Doc. No. 1.)

At the first step of the five-step sequence for making determinations,[2] the ALJ found Plaintiff had not engaged in substantial gainful activity since March 22, 2022. (AR 24.) At step two, the ALJ found Plaintiff lives with the severe impairments of "type II diabetes mellitus with neuropathy ... ; pes planus; plantar fasciitis; congestive heart failure ... ; and coronary artery disease[.]" (AR 24–25.) At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (AR 25–27.)

---

[2] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax* v. *Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Because he concluded that Plaintiff did not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ was required to determine Plaintiff's residual functional capacity ("RFC") before proceeding to step four. The ALJ determined that Plaintiff has the RFC:

> to perform a reduced range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that the claimant can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. The claimant can stand and/or walk six hours of an eight-hour workday. The claimant can sit six hours of an eight hour workday. The claimant can never climb ladders, ropes, or scaffolds. The claimant can frequently stoop, kneel, crouch, crawl or climb ramps and stairs. The claimant can tolerate frequent exposure to pulmonary irritants and temperature extremes. The claimant can have no exposure to hazards.

(AR 27.) Based on this RFC finding, the ALJ found at step four that Plaintiff was capable of performing past relevant work as a pharmacy technician. (AR 32–33.)

**STANDARD OF REVIEW**

In social security disability cases, the court's review is limited to determining whether: (1) substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner's decision comports with relevant legal standards. *Vallejo v. Berryhill*, 849 F.3d 951, 954 (10th Cir. 2017); *see generally* 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted); *accord Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) ("Evidence is not substantial if it is overwhelmed by other evidence in the record or: constitutes mere conclusion."). Any conflict in the evidence is to be resolved by the ALJ, and not the court. *See Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000) ("We will not reweigh the evidence."). A finding of "no substantial evidence" is proper only if there is a "conspicuous absence of

credible choices" or "no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Further, "if the ALJ failed to apply the correct legal test, there is ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

**ANALYSIS**

Plaintiff contends the ALJ erred because he failed to adequately: (1) evaluate Plaintiffs symptoms pursuant to SSR 16-3p; (2) explain his RFC finding as required by SSR 96-8p; and (3) explain his findings regarding the medical opinion evidence pursuant to 20 C.F.R. § 404.1520c. (Doc. No. 13 at 7.) The Court considers each argument in turn.

**I. The ALJ adequately evaluated Plaintiff's symptoms pursuant to SSR 16-3p.**

Plaintiff first argues the ALJ failed to adequately consider his symptoms pursuant to SSR 163p and 20 C.F.R. § 404.1529. Under SSR 16-3p, an ALJ evaluates a claimant's symptoms through a two-step process. First, the ALJ determines whether the claimant has a medically determinable impairment—established by objective medical evidence—that could reasonably be expected to produce the alleged symptoms. Second, if such an impairment exists, the ALJ evaluates the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's ability to perform work-related activities. SSR 16-3p, 2017 WL 5180304, at *3–8 (Oct. 25, 2017). At the second step, the adjudicator must consider the entire case record, including objective medical evidence, the claimant's statements, statements from medical sources, and other relevant evidence. *Id.* at *5–7. Relevant factors include the claimant's daily activities; the location, duration, frequency, and intensity of the symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of

medication; treatment other than medication; other measures used to relieve symptoms; and any other factors concerning functional limitations. *Id.* at *7–8.

Here, Plaintiff concedes that the ALJ identified his medically determinable impairments at step one. (Doc. No. 13 at 8.) However, he argues the ALJ erred at the second step by "failing to provide a sufficient level of explanation for his conclusion that Plaintiff's statements were inconsistent with the evidence." (*Id.*) In other words, Plaintiff seems to argue that the ALJ's second step analysis was not supported by substantial evidence.

During the hearing, Plaintiff testified that numbness in his hands caused issues with dexterity, making it difficult to carry light objects without dropping them. (AR 54–55.) He also testified he could do household tasks with his hands, such as washing dishes, for about 20 minutes prior to needing a five-minute break. (AR 55.) Plaintiff further testified that he dealt with numbness, pain, and swelling in his legs and feet. (AR 55–57.) He said he could sit for 15 minutes prior to needing to change positions due to circulation issues. (AR 56.) Plaintiff reported elevating his feet for four hours per day when he was dealing with foot swelling and said it was difficult to wear closed toed shoes. (AR 58.) Plaintiff testified he could use a vacuum cleaner for 30 minutes, walk to the grocery store in 15 minutes, and do laundry and other household chores. (AR 58–59.)

In his order, the ALJ found "the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 28.) The Court finds this determination was supported by substantial evidence and was adequately explained. As the ALJ noted, the record indicates Plaintiff's blood sugar and related diabetes symptoms improved with physical therapy

and medication compliance. (AR 28; *see, e.g.*, AR 426–29 1825.) Indeed, records show Plaintiff reported walking four times per week for 30 minutes, that he could perform personal care and household chores, shop for groceries, and pay bills. (AR 28; *see, e.g.*, AR 320–22, 1637.) Moreover, the ALJ noted that Plaintiff's records reflect good vision, no focal deficits, normal breathing, normal range of motion and gait, and reasonable grip strength. (AR 29–30; *see, e.g.*, AR 384, 403, 427, 706.)

In short, the record supports a finding that Plaintiff's limitations are not as severe as Plaintiff said they are. And, given that this Court must offer substantial deference to the ALJ's determinations, *see Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) ("A finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices' or 'no contrary medical evidence." (internal quotations omitted)), the Court will not order remand on this basis.

**II. The ALJ provided an adequate explanation for his RFC findings.**

Plaintiff argues the ALJ failed to provide an adequate explanation for his RFC finding under SSR 96-8p.

A claimant's RFC is the most the claimant can still do despite the limitations caused by his or her impairments. SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ALJ must base the RFC on all relevant evidence in the case record, including medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, and the effects of symptoms. *Id.* at *5.

The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. *Id.* at *7. In

that discussion, the ALJ must explain the claimant's ability to perform sustained work activities on a regular and continuing basis, describe the maximum amount of each work-related activity the claimant can perform, and explain how any material inconsistencies or ambiguities in the evidence were considered and resolved. *Id.* If the RFC assessment conflicts with a medical source's opinion, the ALJ must explain why that opinion was not adopted. *Id.*

Here, Plaintiff argues "the ALJ also erred by failing to provide an adequate explanation for his determination that Plaintiff can perform light exertion work." (Doc. No. 13 at 10.) Specifically, the finding that Plaintiff can stand or walk six hours of an eight-hour workday. *Id.* In particular, Plaintiff takes issue with the gait determination, which underpins the conclusion that Plaintiff can stand or walk six hours in a workday. (*See* AR 323 ("Given the exam finding that the claimant had a normal gait, the claimant can stand and/or walk six hours of an eight-hour workday.").) But the record demonstrates Plaintiff presented with a normal gait during certain exams.[3] (*See* AR 426, 447 (describing Plaintiff's observed gait as "normal"); AR 631 (saying Plaintiff was "negative for arthralgias and gait problem").) Additionally, the ALJ relied on the record which showed "grossly normal bilateral sensation and good motor strength in the extremities." (AR 31 (citing AR 88–89).) It also showed Plaintiff could walk in 30 minute increments, do household chores, and grocery shop. (AR 384, 426, 631, 1637.) And while there

[3] Plaintiff complains that these reports are found on "check box" forms and lack any detailed explanation, and thus should not constitute substantial evidence for the finding. The Court acknowledges the limitations of unexplained findings, but it is not aware of, and Plaintiff does not cite, any categorical rule suggesting that check-box form findings may not be relied on by an ALJ—particularly when other evidence in the record, such as Plaintiff's reports of his activities, tend to support the check-box form finding. Moreover, though the Court notes that Plaintiff's physical therapy records describe "abnormalities of gait" as one of his "diagnos[e]s," those same forms also indicate Plaintiff presented with a normal gait for some exams. (*See, e.g.*, AR 1776.)

was conflicting record evidence and opinion regarding Plaintiff's strength and mobility, the ALJ adequately accounted for this in his ultimate determination. (*See* AR 31–32); *See Collins v. Comm'r*, 2022 WL 110469, at *10 (D. Colo. Jan. 12, 2022) ("It is the ALJ's responsibility to weigh the evidence before him" (citing *Guillar v. Commissioner*, 845 Fed. Appx. 715, 719 (10th Cir. 2021))); *Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017) (stating that while "the evidence may … have supported contrary findings, [the Court] may not displace the agency's choice between two fairly conflicting views."). The Court sees no error in connection with the ALJ's RFC findings.

**III. The ALJ adequately explained his findings regarding the medical opinion evidence.**

Finally, Plaintiff argues the ALJ failed to provide an adequate explanation for his findings regarding the medical opinion evidence pursuant to 20 C.F.R. § 404.1520c. Specifically, Plaintiff argues the ALJ failed to conduct an adequate supportability analysis for the opinion of Gretchen Sonnenberg, D.O. regarding absenteeism due to medical treatment (Doc. No. 13 at 18–19.)

The ALJ evaluates the persuasiveness of each medical opinion and prior administrative medical finding using five factors: (1) supportability; (2) consistency; (3) the source's relationship with the claimant, including the length, frequency, purpose, and extent of the treatment relationship and whether the source examined the claimant; (4) specialization; and (5) other factors that tend to support or contradict the opinion, such as the source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors. 20 C.F.R. § 404.1520c(b)(2). For supportability, "the strength of a medical

opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Vellone v. Saul*, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)).

Plaintiff's argument regarding the ALJ's treatment of Dr. Sonnenberg's opinion seems relatively narrow, focusing on the portion of Dr. Sonnenberg's opinion that says, "Plaintiff would be absent from work four or more times per month due to weekly treatment appointments." (Doc. No. 13 at 15 (citing AR 1952).) Plaintiff argues the ALJ's supportability analysis of this medical conclusion was not backed by substantial evidence, and therefore, the ALJ's rejection of this medical conclusion was error.

The supportability factor requires an ALJ to evaluate "how well a medical source supported and explained their opinion." *Vellone v. Saul*, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted sub nom. Vellone on behalf of Vellone v. Saul*, 2021 WL 2801138 (S.D.N.Y. July 6, 2021). Here, the ALJ found "[Dr. Sonnenberg's] medical records ... do not indicate weekly medical appointments" for Plaintiff. (AR 31.) He further found the opinion was not supported by Dr. Sonnenberg's "own report that the claimant's appointments are to become fewer as his medical condition becomes more stable," and her findings noting "no edema in the extremities." (AR 31 (citing AR 1869 (saying Plaintiff's "health should dramatically improve as he gets his diabetes under better control")); AR 1858, 1871.) These findings are corroborated by the record and are adequate explanations for the ALJ's finding that the medical opinion was unsupported.

Plaintiff also takes issue with the ALJ's analysis because the record indicates Plaintiff averaged approximately 3 medical visits per month during the relevant period. (Doc. No. 13 at

15 (citing AR 380–1982).) But as the Commissioner notes, three medical visits is already fewer than the four indicated by Dr. Sonnenberg, which further supports the ALJ's rejection of that medical opinion. Additionally, Plaintiff's estimate "indiscriminately amasses together all of Plaintiff's appointments, regardless of whether they had any relation to Plaintiff's allegedly disabling conditions." (Doc. No. 15 at 12.)

Plaintiff also says that Dr. Sonnenberg speculated when she said in her treatment notes that Plaintiff's appointment load could be reduced. (*Id.*) That may be, but it is not a basis for finding error in the ALJ's decision. If anything, Plaintiff's argument on this issue demonstrates that Dr. Sonnenberg's treatment notes are difficult to reconcile with her conclusion that Plaintiff will need four appointments every month. That disconnect further supports this Court's conclusion that the ALJ appropriately rejected some of Dr. Sonnenberg's opinions, whether for lack of supportability or consistency. In short, there is substantial evidence to support the ALJ's finding that Dr. Sonnenberg's future appointments opinion is unsupported or alternatively inconsistent with her own treatment records. Thus, the ALJ did not commit reversible error in evaluating Dr. Sonnenberg's opinion and ultimately rejected some portion of it.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's decision. The Clerk of Court is directed to close this case. The Clerk is directed to close this case.

Dated this 30th day of September, 2026.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge